UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDI COOPER,              ) | | |
|    *Plaintiff*,                   ) | | |
|                             ) | | |
| *vs.*                       ) | 1:11-cv-1096-JMS-TAB | |
|                             ) | | |
| COMMUNITY HEALTH NETWORK, INC., ) | | |
|    *Defendant.*                  ) | | |

## ORDER

Presently before the Court in this employment-law action is the Defendant's Motion for Partial Dismissal of Plaintiff's Complaint, under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 13]. The motion only seeks to dismiss two Counts of the Complaint: Count III, for promissory estoppel; and Count IV, for intentional infliction of emotional distress ("IIED"). [Dkt. 13 at 2.]

### BACKGROUND

As is relevant here, Plaintiff Brandi Cooper alleges that Defendant Community Health Network, Inc. ("Community Health") hired her in 2008 as a social worker/therapist. [Dkt. 1 ¶10.] She then claims that, to avoid expense associated with a maternity leave necessitated by her complicated pregnancy, Community Health schemed to terminate her wrongfully. [*Id.* ¶¶14, 16.]

Despite having a progressive-discipline policy in place, [*id.* ¶23], and despite "promis[ing]" to use that system "in various literature disseminated to employees, [in] its personnel handbook and [by] HR representatives," [*id.* ¶49], Ms. Cooper alleges that Community Health fired her, in 2010, for her first and only "failure to meet expectations," [*id.* ¶25], without resort to any progressive discipline, [*id.* ¶51]. Ms. Cooper says that the failure constitutes injustice; she "reasonably relied on th[e] promise [of progressive discipline] in accepting employ-

ment" with Community Health. [*Id.* 50.] These allegations form the basis for Count III, for promissory estoppel.

Ms. Cooper also alleges that Community Health engaged in extreme and outrageous conduct against her, with the intent to cause her severe emotional distress. Specifically, she says that Community Health made "unfounded criticism of her work performance, repeatedly rais[ed] and subject[ed] her to different standards of performance than her peers, communicat[ed] with her in a derogatory and offensive manner, terminate[ed] her employment in a hostile fashion and unnecessarily oppos[ed] her request for unemployment compensation benefits." [*Id.* ¶54.] As a result of the stress that she experienced, she says that she suffered a premature delivery of her child. [*Id.* ¶56.] These allegations form the basis for Count IV.

## DISCUSSION

The Federal Rules of Civil Procedure provide a list of defenses that "must be made before pleading if a responsive pleading is allowed," Fed. R. Civ. Pro. 12(b), as is the case with complaints, Fed. R. Civ. Pro. 7(a). One of those defenses is that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). If after answering the defendant wishes to challenge the legal sufficiency of the complaint, a motion for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), represents the proper course, Fed. R. Civ. Pro. 12(h)(2).

Here, Ms. Cooper's response brief argues that because Community Health filed its motion under 12(b)(6) after it filed its answer—by about ten minutes—the Court should deny the

12(b)(6) motion as improper. [Dkt. 17 at 1.][1] But that argument cannot carry the day because the Court must apply the same standards under 12(b)(6) as under 12(c). *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995) ("[W]e review a motion pursuant to Rule 12(c) under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)." (citation omitted)). So any error caused by citing one rule over the other is harmless, and "the court must disregard all errors and defects that do not affect any party's substantial rights," Fed. R. Civ. Pro. 61.

When evaluating the sufficiency of a complaint, the Court asks whether the plaintiff has "provided notice to [the] defendant[] of her claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). While the Court must accept non-conclusory factual allegations as true for the purposes of the analysis, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id.*

With those standards in mind, the Court will now to Counts III and IV, both of which must be dismissed. Indeed so powerful are the reasons for dismissal that the Court notes that Ms. Cooper's three-paragraph Response brief omitted any response to the merits of Community Health's arguments, focusing instead on the perceived procedural defects. [*See* dkt. 17.] If Ms. Cooper had good counterarguments to make, the Court is entitled to presume that she would have made them. *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.").

---

[1] While Ms. Cooper also argues that Community Health filed its answer late and is in default, [dkt. 17 at 1], she overlooks both her own untimely filings (calling to mind the advice given to those who live in glass houses), [*see* dkt. 20], and the extension that the Court actually granted Community Health to answer, [dkt. 31]. Besides, she filed no motion for default as would be required to give effect to a failure to answer. Fed. R. Civ. Pro. 55(a). Her alternative procedural arguments cannot, therefore, succeed.

With respect to Count III, and even assuming she could meet all the other elements of her cause of action, Ms. Cooper has failed to establish cognizable injustice from working at Community Health for two years (in lieu of some other unnamed employer) before the breach of any promise of progressive discipline that may have been made.  *See, e.g.*, *Hinkel v. Sataria Distrib. & Packaging, Inc.*, 920 N.E.2d 766, 771 (Ind. Ct. App. 2010) ("Hinkel claims that Jacobs's severance promise induced him to leave his previous employers and give up the security associated therewith.  But Hinkel was provided with a period of employment at Sataria, a substantial salary, and six weeks of severance.  Hinkel has not shown an injury so independent and severe that injustice could only be avoided by enforcement of Jacobs's alleged promise." (citations and quotation omitted)).  Count III, therefore, fails.

As for Count IV, Indiana law does not permit *respondeat superior* for IIED claims.  *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind. 1994) ("[I]t must be the employer who harbors the intent and not merely a supervisor, manager or foreman.").  Nothing in the Complaint suggests that Community Health itself, through its board or officers, harbored any ill intent toward Ms. Cooper.  The only plausible reading of the Complaint is that Ms. Cooper's supervisors undertook the actions she claims entitles her to relief.  Accordingly, the Court must dismiss Count IV, too.

## CONCLUSION

Because they do not state a claim upon which relief can be granted, the Court **GRANTS** Defendant's Motion for Partial Dismissal of Plaintiff's Complaint, [dkt. 13], and **DISMISSES** Counts III and IV of the Complaint.

04/04/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Diamond Z. Hirschauer
THE LAW OFFICES OF DIAMOND Z. HIRSCHAUER, P.C.
DZHirschauer@dzhlaw.com

Ebony Andrea Reid
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
ebony.reid@ogletreedeakins.com

Brandon M. Shelton
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
brandon.shelton@ogletreedeakins.com